**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL BARROUK,** | : | **CIVIL NO. 3:14-CV-1102** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PNC BANK, N.A.,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**MEMORANDUM  ORDER**</u>

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is an employment discrimination lawsuit brought by the plaintiff, Michael Barrouk, who alleges that he was discriminated against based upon his gender by his former employer, PNC Bank.  PNC Bank denies this allegation and insists that Barrouk was disciplined and allowed to resign in lieu of termination only after the bank discovered that Barrouk had made a false statement to his superiors regarding a work-related matter.  For his part, Barrouk insists that this proffered justification for his termination was pretextual and was intended to cover-up the real, gender-based discriminatory motive for his termination.  PNC Bank disputes this contention, and has insisted that it has had a uniform disciplinary policy relating to dishonesty of staff, a policy which always resulted in the termination of the dishonest employee.

By framing the issues in this fashion, the parties have made the issue of PNC Bank's practice of uniformly terminating employees an issue of potential materiality in this litigation.

It is against this backdrop that PNC Bank filed a motion for summary judgment in this case.  (Doc. 32.)  In an effort to stave off summary judgment, Barrouk, in turn, filed a motion which sought, *inter alia*, leave to conduct limited discovery pursuant to Rule 56(d) in order to fully contest PNC Bank's summary judgment motion.  (Doc. 34.)   In connection with this motion, plaintiff's counsel submitted an affidavit executed by a former PNC Bank officer, John Dorneman, which alleged that PNC Bank did not uniformly follow a disciplinary policy of firing employees who had engaged in acts of dishonesty, citing examples where this did not occur.  (Doc. 35-3.) Plaintiff's counsel has also executed an affidavit which indicates that some of the information related by Mr. Dorneman concerning the discipline of a female PNC Bank manager which did not result in her termination was first disclosed to counsel in April 2015, a little more than one week after the defendant filed its summary judgment motion.  (Doc. 35.)

We initially understood, or misunderstood, that this additional discovery related to a proposed deposition of Mr. Dorneman, and finding that the matters raised by Mr. Dorneman in his affidavit were legitimate area of inquiry, granted this motion.

(Doc. 40.)  The plaintiff has now filed a motion for extension of time, (Doc. 41.), which clarifies that his intention is to re-depose a different witness, a current PNC Bank employee, Theresa Wnuk, who previously testified that PNC Bank had a firm policy of discharging deceitful employees.  While this motion has clarified, at least for the court, the identity of the deponent, it has revealed a new and different conflict between the parties.   For its part, PNC Bank seeks to define the scope of the deposition in the following manner:  "re-open Wnuk's deposition for the limited purpose of inquiring as to her knowledge of the matter allegedly described to Attorney Borland by former PNC employee John Dorneman."  (Doc. 42, p.2.) Barrouk's counsel resists this topical limitation on the re-opening of this deposition, (Doc. 43.), however, we believe that orderly case administration calls for such topical limitations, in the absence of some further specific showing of good cause to re-open the discovery deposition of this witness generally.

Accordingly, for the foregoing reasons, the plaintiff's motion for extension for time for additional discovery (Doc. 41.) is GRANTED in part as follows:

1.   The plaintiff is granted leave to depose its proffered witness Theresa Wnuk, within the next 30 days, on or before **August 20, 2015**.  This deposition shall be limited to the matters raised in the affidavit of Mr. Dorneman, which served as the basis for the original request to re-open discovery.

2.      The parties are given leave to conduct any additional reciprocal discovery related to the subject matter of Ms. Wnuk's deposition within the next 60 days, on or before **September 18, 2015**.

3.      At the conclusion of this discovery period, the defendant shall notify the court and opposing counsel regarding whether the defendant wishes to re-submit its summary judgment motion, incorporating any new information gleaned through this supplemental discovery. If the defendant elects to re-submit this motion, the new motion shall be filed on or before **October 2, 2015**. If the defendant does not elect to file a revised summary judgment motion, the plaintiff's response to the originally filed motion shall be filed on or before **October 2, 2015**.

So ordered this 20th day of July 2015.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge